JUSTICE SHEEHY,
concurring specially:
When this State in 1961 adopted its Rules of Civil Procedure to comport with the Federal Rules of Civil Procedure, it adopted the advances that had been made in procedure in the federal system to that time.
One of the casualties in the adoption of our Rules of Civil Procedure was the change of perception of the right to a counterclaim. Under former statutes, a counterclaim was defined as one which tended, in some way, to diminish or defeat the plaintiffs recovery. See section 9138, R.C.M. (1935). Because of that definition, this Court denied a counterclaim in Cook-Reynolds Company v. Wilson (1923), 67 Mont. 147, 150, 214 P. 1104, where plaintiff brought action to enjoin the defendant from interfering with plaintiffs harvesting operations, the defendant answered, claiming a share of the crop according to the terms of a contract constituting a counterclaim for the value of his share. Because of the counterclaim definition, this Court held the counterclaim was not allowable for two reasons, one, the action being for an injunction and the counterclaim seeking an affirmative judgment, the counterclaim did not in any matter tend to diminish or defeat plaintiffs recovery; and two, the cause of action which defendant attempted to make the basis of the counterclaim was not in existence at the time of the commencement of the action.
What Poulsen got in the first action brought in Lewis and Clark County was an injunction restraining the plaintiffs from certain activities on the described real property. The claims the plaintiffs now attempt to assert in their independent action would not tend to defeat or diminish, in some instances, the injunction obtained in the first action. Nevertheless, because compulsory counterclaims must now be pleaded under our present Rules of Civil Procedure, even though an injunctive order is here involved, the plaintiffs should have counterclaimed for all causes of action then in existence arising out of the same occurrence or transaction.
On another matter, I trust that the reader will not take the dicta in the majority opinion regarding Citizens State Bank v. Duus (1969), 154 Mont. 18, 459 P.2d 696, as anything more than dicta. In a proper case, I am not sure that the holding in Citizens State Bank respected the right to a jury trial is now in accord with the state of the law. The distinction between legal and equitable causes of action has been *362 abolished in this State and any cause of action, legal or equitable, is now denominated a “claim” against which a compulsory or permissive counterclaim may be made. The right of trial by jury is under our State Constitution inviolate, and if a counterclaim comprised a cause of action which would formerly entitle the counterclaimant to a jury trial, the counterclaimant cannot be deprived of that right because the counterclaim is against a cause which formerly was recognized in equity. The federal cases conclude that there is no waiver of a jury trial even when a permissive counterclaim is filed. Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp. (5th Cir. 1961), 294 F.2d 486. In any event, the right to a jury trial can be preserved under Rule 13(i) of the Montana Rules of Civil Procedure, whereby the Court can order separate trials of any claims, cross-claims, or counterclaims. Thus, the right to a jury trial can be preserved.
JUSTICE HUNT agrees and joins in the special concurrence of JUSTICE SHEEHY.